IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07 CV 103

| | |
|---|---|
| **RING INDUSTRIAL GROUP, LP,** )<br>)<br>   **Plaintiff** )<br>)<br>v )<br>)<br>**E Z SET TANK COMPANY, INC. d/b/a** )<br>**E-Z SET COMPANY; INTERNATIONAL** )<br>**CUSHIONING CORP.; INTERNATIONAL** )<br>**CUSHIONING COMPANY LLC; and** )<br>**ICC TECHNOLOGIES INC.,** )<br>)<br>   **Defendants.** ) | **ORDER** |

**THIS MATTER** comes on to be heard before the undersigned, pursuant to the following motions:

(1) Plaintiff's Motion to Compel Discovery (#33)

(2) Defendants' Motion for a Protective Order (#35);

(3) Plaintiff's Motion for Extension of Deadlines and for a Pretrial Conference (#56); and

(4) Plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (#59).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the motions are now ripe for determination.

**I.   Factual and Procedural History**

On September 14, 2007, the plaintiff filed a Complaint against the defendants alleging that the defendants had violated various patents and copyrights of the plaintiff and further requesting damages for violation of those patents and copyrights.

The allegations involve a drainage line unit that has been marketed by the plaintiff under a trademark name of "*Ezflow*." On October 9, 2007 the defendants answered plaintiff's Complaint and presented a Counterclaim contending that various patents and copyrights held by the plaintiff are invalid. The defendants further present claims for unfair competition. (#17) The plaintiff filed a responsive pleading to the counterclaim on November 1, 2007. (#24) This court entered a "Pretrial Order in a Patent Case" (#28) on November 19, 2007 and thereafter, a Protective Order (#30) on December 10, 2007. Further discussion of the factual procedure history in this matter will be addressed as is necessary in the body of this Order.

**II.   Discussion**

1.   <u>Motion to Compel Discovery</u>

In an Order (#76) filed on April 8, 2008, the undersigned required the parties to determine if they could resolve their differences as set forth in the pending motions. In response to that Order, the plaintiff filed a "Status Report" (#78) on April 18, 2008. In regard to the Motion to Compel, the plaintiff's reported that defendants' counsel had indicated that the defendants would provide all the documents and information sought in the plaintiff's Motion to Compel discovery, but that some of the information would be provided only under a supplemental protective order. The parties could not agree as to any date certain by which the interrogatories would be answered or the documents requested in a request for production of documents, would be delivered.

At the hearing of this matter on April 25, 2008 both plaintiff and defendants' counsel stated that the defendants had agreed to answer the interrogatories and to

respond to the request for production of documents. It appeared from the arguments presented that both plaintiff and defendants agreed that there were two issues that remained outstanding. One, defendants' request that the documents be produced, pursuant to a protective order and two, the plaintiff's request that the interrogatories be answered and the documents be provided by a date certain.

The issue regarding the issuance of a protective order will be addressed later in this Memorandum and Order. This court will order that a supplemental protective order be entered and such order will be entered as of the date of the filing of this Order.

In regard to the date of the answering of the interrogatories and providing the request for production of documents, the defendants' counsel advised the court that the defendants and plaintiff had agreed that the documents would be provided on a "rolling basis". A "rolling basis" was defined by defendants' counsel to mean that the interrogatories would be answered and the documents would be produced as they were collected. The undersigned, after hearing arguments from plaintiff and defendants' counsel, issued an oral order from the bench directing that all interrogatories and the documents in response to the request for production of documents would be provided by the defendants by May 16, 2008.

The court made inquiry of plaintiff's counsel as to whether the plaintiff was making any claim for the payment of expenses. Rule 37(a)(5)(A) provides as follows:

> **(5) Payment of Expenses; Protective Orders.**
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Should the plaintiff desire to be heard about the issue of payment of expenses, then plaintiff shall, by July 1, 2008, file a motion requesting such fees. Attached to the motion should be a brief as required by the Local Rules and an affidavit of plaintiff's counsel concerning the number of hours reasonably expended on the motion, including a reasonable hourly rate. In preparing such affidavit, the plaintiff shall address all factors as enumerated in Johnson vs. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) as modified by Hensley vs. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed. 2d 40 (1983).

2.   Defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC's Motion for a Protective Order (#35)

The defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC filed a Motion for Protective Order (#35) pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure on February 29, 2008.[1] The plaintiff responded to the motion on March 17, 2008 (#54). In the plaintiff's response, the plaintiff does not object to the

---

[1] Rule 26(c)(7) of the Federal Rules of Civil Procedure has now been replaced by Rule 26(c)(1)(G).

4

entry of a further protective order which would supplement a previous Protective Order (#30) that was entered by the court on December 10, 2007. The plaintiff does object to the proposed order submitted by the defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC. While this matter was pending, the plaintiff filed a Status Report (#78) on April 18, 2008, advising that the parties were discussing a draft supplemental protective order that would address concerns concerning an inspection of ICC Technologies, Inc. n/k/a ICC Technologies LLC's manufacturing facilities and also other discovery that might potentially take place in this matter. During the hearing of the motion on April 25, 2008, the plaintiff and the defendants each presented draft supplemental protective orders to the court. The court heard arguments regarding various terms and provisions that were in dispute. The disputes were few in number. After hearing arguments, the undersigned has examined both proposed protective orders that were submitted and finds that good cause has been shown to grant the motion for supplemental protective order. <u>Brittain vs. Stroh Brewery Company</u>, 136 F.R.D. 408 (M.D.N.C., 1991) The order that the undersigned will hereby enter will apply to not only the inspection of the defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC's manufacturing facilities, but to all discovery of any of the defendants or of the plaintiff. In entering this order the court does not make any findings that any document or item produced is a trade secret or that any document or item produced does or does not contain confidential research development or commercial information.

3. <u>Plaintiff's Motion for Extension of Deadlines and for Pretrial Conference (#56)</u>

On March 17, 2008, the plaintiff filed a motion entitled "Plaintiff's Motion for Extension of Deadlines and for Pretrial Conference" (#56) and a brief (#57) in support of the motion. In the motion, the plaintiff alleges that after this court entered a pretrial order on November 17, 2007, the plaintiff sought discovery and the defendants have, as of March 17, 2008, refused to answer discovery, refused to allow inspection of the manufacturing process of the defendants, and have refused to identify the theories of the defendants as to the invalidity or noninfringement of the plaintiff's patents. The plaintiff now requests that the court delay the deadlines in this matter and to hold another pretrial conference. In their response, the defendants opposed the plaintiff's motion for extension of the deadlines and have argued that the plaintiff does not need the extension because the plaintiff has not produced any documents or credible evidence that the defendants have either violated the patents or that the plaintiff owns valid patents. The undersigned has read in detail the plaintiff's brief (#57) and the defendants' brief (#70) and the plaintiff's reply. (#77)

After the court received the certification of initial attorney's conference and discovery plan from the defendants on October 31, 2007, and from the plaintiff on November 1, 2007, the undersigned determined to hold an initial pretrial conference. Initial pretrial conferences are seldom held in this district and the undersigned only holds such a conference when it appears that it is absolutely necessary due to disagreement regarding scheduling between the parties. In this case, the disagreements were numerous and went to the very heart of the issues and contentions. The plaintiff, on the one hand, contends that it needs discovery in regard to the acts of the defendants which might violate the plaintiff's patents. The

defendants, on the other hand, contended that no discovery at all was necessary as to any issue and that the plaintiff should accept the defendants' statement that the defendants were not violating the patents and dismiss the plaintiff's complaint. The dichotomy of the views between the plaintiff and the defendants became even more apparent at the pretrial conference that was held on November 9, 2007. After research, the undersigned determined to enter a pretrial scheduling order in this matter which was more detailed and extensive than that which is usually entered by the undersigned in any case or proceeding before this court. The undersigned's purpose in entering such a detailed order was to attempt to insure that this case would progress in an orderly fashion without unreasonable delays. The undersigned has reviewed the interrogatories and request for production of documents presented by the plaintiff to the defendants and the response of the defendants to those discovery requests. The responses of the defendants to the interrogatories and the request for production of documents were, in the opinion of this court, effectively no responses at all. The objections raised were in large part baseless and the answers given were evasive and incomplete. Due to each defendants' failure to respond to the discovery, the plaintiff has now been required to file a motion to compel and also to file a motion for extension of the deadlines in this case. The defendants, by their failures to respond, have thwarted the purpose of this court in entering the pretrial order. This case is now months behind schedule. As a result, the undersigned will allow the plaintiff's motion for extension of deadlines and will enter an amended pretrial order in this case. The undersigned finds that more than good cause has been shown by the plaintiff for allowing the plaintiff's motion.

In the plaintiff's motion, the plaintiff requests that the court "address mechanisms for avoiding future delays with the court's schedule as a result of discovery or other disputes between the parties." Those mechanisms are already in place. Specifically, the court refers the parties and their attorneys to Rules 16(f) and 37 of the Federal Rules of Civil Procedure. The court would further entertain prompt utilization of these rules based upon any failure to obey the amended pretrial order in this case is advised. The undersigned further recommends that if any party finds that it is necessary to file any type of motion in order to obtain compliance with the terms of the amended pretrial order, that the motion be joined with an additional motion for expedited hearing and decision by the undersigned.

4. <u>Plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (#59)</u>

   **a.     Background**

On March 25, 2008, the plaintiff filed a motion requesting the court order the defendants, E Z Set Tank Company, Inc., International Cushioning Company LLC and ICC Technologies, Inc. k/n/a ICC Technologies LLC to supplement their preliminary invalidity contentions and to supplement the answers to interrogatories which were seeking information concerning the non-infringement defenses of the defendants.

In the Pretrial Order (#28) that was entered in this matter on November 19, 2007 the court ordered the plaintiff and the defendants to serve preliminary invalidity contentions. The plaintiff and the defendants were also ordered to disclose their asserted claims and preliminary invalidity contentions on February 1, 2008. After

being served with the preliminary invalidity contentions of the defendants (#57-Exhibit 3), the plaintiff now contends that the contentions were insufficient because the disclosures did not specifically identify where each element of each asserted claim of the patents in suit was found in the cited prior art. Plaintiff's counsel and defendants' counsel met and conferred but were unable to resolve the dispute. The plaintiff now requests that the court order the defendants to supplement their invalidity contentions.

The plaintiff contends that the defendants' preliminary invalidity contentions are insufficient because they did not specifically identify where each element of each asserted claim of the patents in suit were found in the cited prior art and thus failed to disclose how the prior art at issue invalidated the plaintiff's patents. The defendants contend that their answers were sufficient, are preliminary, and were made subject to supplementation and amendment and thus comply with the Pretrial Order. The defendants further contend that the plaintiff should be aware of British patents and patent applications that were allegedly prior to the plaintiff's patent.

The plaintiff also contends that defendants' answers to interrogatories are evasive and incomplete. The interrogatory which the plaintiff contends has not been completely answered is interrogatory #11 as to E Z Set Tank Company, Inc.; interrogatory #15 as to International Cushioning Company LLC; and interrogatory #12 as to ICC Technologies, Inc. n/k/a ICC Technologies LLC. Although each interrogatory has a different number, the substance of the interrogatory is the same:

> For each of the asserted claims in Plaintiff's Preliminary Disclosure of Asserted Claims and Infringement Contentions, describe in detail your full basis for contending that you have not infringed the asserted claims

under 35 U.S.C. § 271, whether literally, under the doctrine of equivalents, directly, by inducement, or by contribution, including an identification of each claim limitation of each asserted claim you contend is not present, practiced, induced, or contributed to, a narrative description of why you contend each such claim limitation is not present, practiced, induced, or contributed to, an identification of all evidence relied upon by you to support those contentions, and an identification of all persons with knowledge of the subject matter of this interrogatory.

The plaintiff contends that each defendants' response to this interrogatory contained only conclusory assertions and failed to provide the requested details and information or evidence that was requested in the interrogatory. Each defendant has responded that the interrogatory has been fully answered based upon the information available to each defendant. The defendants further contend that the plaintiff has not produced documents and states that if the documents were produced, they might lead to other evidence. None of the defendants have filed motions to compel.

In their arguments, the defendants' counsel has taken the position that the plaintiff's motion should be denied in that discovery is not needed by the plaintiff in regard to claim construction and cited the case of <u>Vivid Technologies, Inc. vs. American Science and Engineering, Inc.</u>, 200 F.3d 795 (Fed. Cir. 1999). Plaintiff's counsel, on the other hand, has argued that this same case allows for there to be discovery in regard to claim construction. When read in its entirety, the report of the case shows that "the district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation". Exercising that discretion, it appears to the undersigned in this case that ongoing discovery is needed for this case to be prepared

for trial. The undersigned will enter an order allowing the motion (#59) of the plaintiff.

### b. Supplemental Invalidity Contentions

In this case, the undersigned attempted to design a pretrial order that would hopefully assist the district court in defining and determining the issues in this case. The undersigned has examined the preliminary invalidity contentions of the defendants (#57-5) and is of the opinion that, although the defendants have attempted to provide their contentions, the information that has been provided is not as helpful as it could have been to the district court. To assist the defendants, the undersigned will order that each defendant supplement their preliminary invalidity contentions and provide the following instructions to the defendants in regard to the information that each defendant is to provide:

> **Non-Infringement Contentions**. Non-infringement contentions shall contain a chart that states as to each identified element in each asserted claim, whether such element is present literally or under the doctrine of equivalents in each accused instrumentality, and, if not, the reason for such denial and the relevant distinctions.
>
> **Invalidity Contentions**. Invalidity contentions must contain the following information:
>
> (1) The identity of each item or prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information because known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the

invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(2) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(3) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by the sixty paragraph of 35 U.S.C. § 112, the identity of the structure(s), act(s), or materials(s) in each item of prior art that performs the claimed functions; and

(4) Any grounds of invalidity based on any applicable provision of 35 U.S.C. § 112.

With the preliminary non-infringement and invalidity contentions, the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused instrumentality identified by the patent claimant in its chart; and

(b) A copy of each item of prior art identified as set forth above that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

By supplementing the defendants' responses in the manner set forth herein, there should be produced to the district court information that will assist the district court in the decision making process in this case.

### c. Supplemental Interrogatory Responses

**Applicable Standard**

Whether to grant or deny a motion to compel is generally left within the district

court's broad discretion. <u>Lonestar Steak House and Saloon, Inc vs. Alpha Va., Inc.</u>, F.3d 922, 929 (4th Cir. 1995)

**Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The plaintiff complains that the defendants were each asked in the interrogatories to "describe in detail" the basis for contending that each defendant does not infringe on each of the asserted claims and that the defendants did not provide identification of all evidence relied upon by the defendants to support the contention and identification of all persons with knowledge of the subject matter of the interrogatory. The undersigned has examined the answers to the interrogatory for each defendant and finds that each defendant has not answered the interrogatory in the detail and in the method as requested. In the answer to interrogatory No. 11 by E Z Set Tank Company, Inc., such defendant has stated that it has not and does not install drainage fields nor contribute to a method of installing a drainage field nor induce others to install a drainage field. The only purpose for the item sold by defendant E Z Set Tank Company, Inc., is to act as a drainage line that is placed in the ground or earth in what is commonly known as a drainage field. If E Z Set Tank

Company, Inc., does not infringe on the patent, then it needs to explain why and to answer the interrogatory fully and completely in all respects. International Cushioning Company, LLC's response states that it has no knowledge that what it has sold to ICC Technologies, Inc. was made for an infringing purpose and contends that it is not liable as an infringer. International Cushioning Company, LLC, further objects to the interrogatory requiring identification of all persons with knowledge of the subject matter of the interrogatory. That objection has no basis in law. The plaintiff is entitled under Rule 26 of the Federal Rules of Civil Procedure to this information. The answer provided by ICC Technologies Inc. n/k/a ICC Technologies LLC also contains incomplete and conclusory answers and which do not respond to the plaintiff's interrogatory. This court is of the opinion that each defendant must respond to the interrogatory and provide the response that has been requested. The examples given above are not an exhaustive list of the manner in which each defendant has failed to answer the interrogatory, but are examples only.

If the plaintiff wishes to make a claim for payment of fees and expenses as provided by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure as to this motion (#59) then the plaintiff shall file a motion requesting such fees by July 1, 2008. The motion shall be accompanied by a brief and affidavit as described in page four of this Order, but the motion, brief and affidavit shall address the time and expenses incurred as a result of the plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (#59) only.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED:**

1) That the plaintiff's Motion to Compel Discovery (#33) is hereby **ALLOWED** and that the defendants are ordered to answer the interrogatories and to respond to the request for production of documents on or before **July 1, 2008.** It is further **ORDERED** that should the plaintiff desire to be heard as to the issue of payment of counsel fees and expenses that the plaintiff shall, by **July 1, 2008**, file a motion requesting such fees, along with the brief and affidavit as described in this Order;

2) That the defendants' Motion for a Protective Order (#35) is hereby **ALLOWED** and the court shall herewith, upon the filing of this Order, file a Supplemental Protective Order which shall apply to all discovery in this matter;

3) That the plaintiff's Motion for Extension of Deadlines and for a Pretrial Conference (#56) is hereby **ALLOWED** and as a result thereof the court shall execute and file an Amended Pretrial Order in this matter upon the filing of the Order herein;

4) That the plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (#59) is hereby **ALLOWED** and it is **ORDERED**:

> (a) That the defendants are **ORDERED**, by July 1, 2008, to definitively and precisely answer the interrogatory propounded to each defendant by the plaintiff and as is described in this Order to the extent of all information available to each defendant, including information

from or through any of its officers, employees or agents; and

(b)  It is further **ORDERED** that the defendants shall each by, July 1, 2008, provide supplemental invalidity contentions in accordance with the instructions set forth in this Order.

(c)  It is further **ORDERED** that should the plaintiff desire to be heard as to the issue of payment of counsel fees and expenses that relate to this motion (#59) that the plaintiff shall, by July 1, 2008 file a motion requesting such fees along with a brief and affidavit as described in this Order.

Signed: June 11, 2008

*[Signature]*

Dennis L. Howell
United States Magistrate Judge