IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07 CV 103

| | | |
|---|---|---|
| RING INDUSTRIAL GROUP, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **SUPPLEMENTAL** |
| E Z SET TANK COMPANY, INC. | ) | **PROTECTIVE ORDER** |
| d/b/a E-Z SET COMPANY; | ) | |
| INTERNATIONAL CUSHIONING | ) | |
| CORP.; INTERNATIONAL | ) | |
| CUSHIONING COMPANY LLC; | ) | |
| and ICC TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the motion of the defendant ICC Technologies Inc, n/k/a ICC Technologies LLC, made pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure which has been amended and which is now Rule 26(c)(1)(G), the court enters the following Supplemental Protective Order to protect any potential trade secrets or potential proprietary information of ICC Technologies Inc. n/k/a ICC Technologies LLC. This protective order is to supplement the Protective Order (#30) already entered by the undersigned in this matter on December 10, 2007.

It is hereby ordered by the court that the following restrictions and

procedures shall apply to protect the disclosure of claimed trade secrets or other claimed proprietary information in this action, whether in documents, testimony, or inspection of manufacturing facilities, whose disclosure to the principals of the parties is believed to have the potential to cause competitive harm.

The plaintiff Ring Industrial Group, LP has requested the inspection of the manufacturing facilities of defendant, ICC Technologies Inc. n/k/a ICC Technologies LLC, at 6005 West NC Highway 10, Hickory, NC 28606, and has served a Notice of Inspection.

The defendant ICC Technologies Inc. n/k/a ICC Technologies LLC, asserts that its methods of manufacturing drainage line units are trade secrets and further asserts that the manufacturing facilities of said defendant contain trade secrets and proprietary information.

The parties are also seeking discovery by other methods from each other and based upon the motion filed by the defendant ICC Technologies Inc. n/k/a ICC Technologies LLC, and from the records in this cause and the arguments of counsel, the court has determined to enter a Supplemental Protective Order which shall govern the disclosure of all claimed trade secrets and/or claimed proprietary information disclosed in discovery in this action. This order shall apply to all discovery in this matter and not just to

the party ICC Technologies Inc. n/k/a ICC Technologies LLC.

1.     <u>Definitions</u>

The following definitions apply herein:

a.     "CONFIDENTIAL – ATTORNEY'S EYES ONLY" means that the information being disclosed is considered by the discloser to be a trade secret or proprietary and that the discloser believes that disclosure to the other party would give said other party an unfair competitive advantage.

b.     "Party" means every party to this action.

c.     "Stipulation" means this Stipulated Order to Protect Claimed Trade Secrets and Proprietary Information.

d.     "Confidential Information," as used herein, refers to "Attorney's Eyes Only" information as well as "Confidential" information, as described in the Court's December 10, 2007 Protective Order, which shall remain in effect, except to the extent that it may be inconsistent with this order.

2.     <u>Terms of the Protective Order</u>

A.     <u>Inspection of the Manufacturing Facilities of Defendant, ICC Technologies, Inc. n/k/a ICC Technologies LLC</u>

1.    Any and all information obtained by counsel for plaintiff during an inspection of the premises of ICC Technologies LLC shall be designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) that is received by counsel for plaintiff shall not be disclosed, given, shown, made available or communicated in any way, except to:.

a.    Outside counsel for plaintiff;

b.    Employees of such outside counsel assigned to and necessary to assist in the litigation;

c.    Consultants or experts (singularly "Expert" and collectively "Experts") to the extent deemed necessary by counsel and provided that the requirements of Section 2.B.7. herein have been complied with; and

d.    The Court or the jury at trial.

2.    Outside Experts and Consultants.

Counsel for plaintiff may be accompanied by one (1) Expert at the time of the inspection provided that counsel for ICC Technologies LLC is provided with written notice not less than ten (10) calendar

days before the scheduled date of inspection of the name of the Expert, together with a current résumé for such Expert. The designated Expert shall be bound by this Protective Order and shall sign a statement as set forth in Exhibit A to that effect. The designated Expert shall not disclose any information learned from the inspection to or discuss any information learned from the inspection with anyone other than those persons listed in Section 2A.1. above.

       3.    <u>Scope of Inspection</u>

       a.      Inspection of the manufacturing facilities of ICC Technologies LLC by counsel for plaintiff and any accompanying Expert shall be limited to the machines employed by ICC Technologies Inc. n/k/a ICC Technologies LLC which have been used or are being used to manufacture drainage line units marketed under the name Flowtech, any machine used to expand/or foam polystyrene beads or aggregate used in the manufacture of drainage line units and any preassembled drainage line units stored at the facility. Further, in connection with the inspection, counsel for plaintiff and any accompanying expert shall be permitted to observe operation of any other ancillary machines that are connected to or operate in conjunction

with the machines employed by ICC Technologies, Inc. n/k/a ICC Technologies LLC to manufacture drainage line units marketed under the name Flowtech.

b.      Counsel for plaintiff and the Expert shall be allowed to record notes ("Notes") during the inspection.  Those Notes shall be marked and designated as "**CONFIDENTIAL - ATTORNEYS' EYES ONLY**" as is set forth in the protective order and shall be subject to all limitations regarding such designation.  The Notes shall regard only the methods employed by the machines employed to manufacture drainage line units, the machines used to expand and/or foam polystyrene beads or aggregate used in the drainage line units and any preassembled drainage line units stored at the facilities of ICC Technologies, Inc. n/k/a ICC Technologies LLC.

c.      Counsel for plaintiff may video the operation of the machines identified above and may take photographs of machines or product being inspected. If video recording or photography is to be conducted by a third party videographer, counsel for ICC Technologies LLC is to be provided with written notice not less than ten (10) calendar days before the scheduled date of inspection of the name of

the videographer, together with a current résumé for such videographer, if available. The designated videographer shall be bound by this Protective Order and shall sign a statement as set forth in Exhibit A to that effect. The designated videographer shall not disclose any information learned from the inspection to or discuss any information learned from the inspection with anyone other than counsel for plaintiff or the Expert. If a current resume of the videographer is not available, counsel for plaintiff shall be responsible for retaining the videographer and ensuring that he/she will retain any videos or photographs in the CONFIDENTIAL-ATTORNEYS' EYES ONLY manner and will destroy any and all videos, photographs, negatives and the like when so instructed by counsel for plaintiff.

4.    Maintenance of Notes and Video Tapes

a.    Counsel for plaintiff and/or Expert shall maintain any and all Notes and video recordings or photographs of the inspection in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all Notes and video recordings or photographs to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

b.    The Notes made by Counsel for plaintiff and/or Expert pursuant to Paragraph 2.A.3. of this Order shall be copied only as counsel for plaintiff deems necessary for purposes of this litigation, and shall be marked with a legend on each page stating "CONFIDENTIAL – ATTORNEY'S EYES ONLY". The video recordings or photographs made by or for counsel for plaintiff pursuant to Paragraph 2.A.3. of this Order shall be copied only as counsel for plaintiff deems necessary for purposes of this litigation and as provided below in sub-paragraph 2.A.4.c., and shall be clearly marked with a legend stating "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

c.    One copy of the video recordings and/or photographs made by or for counsel for plaintiff pursuant to Paragraph 2.A.3. of the Order shall be produced to counsel for ICC Technologies, Inc. n/k/a ICC Technologies LLC within five (5) business days of receipt of the video recordings and photographs by counsel for plaintiff.

d.    Upon the final disposition of this action, the Notes made by counsel for plaintiff and Expert pursuant to Paragraph 2.A.3. and any video recording and photographs made under this Order shall be promptly destroyed.

e.      Counsel for plaintiff shall immediately notify counsel for ICC Technologies, Inc. n/k/a ICC Technologies LLC of any attempt by third parties to inspect and/or copy said Notes, said video recordings, or said photographs.

B.      <u>Production of Documents and Things</u>

1.      Counsel for any party may designate any document, tangible thing, testimony, written discovery response or information as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if counsel determines, in good faith, that such materials constitute, contain, reveal or reflect proprietary or trade secret information.

2.      The Designating Party shall designate Proprietary Information and/or Trade Secrets in the following manner:

a.      For documents, by placing the notation "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of such document;

b.      For tangible things, by placing the notation "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the item or if such is not practicable, as otherwise agreed

by the parties;

c.　For testimony, by (i) designating such testimony as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the time periods allowed pursuant to paragraph B.3.c. of this Order and (ii) requesting that the court reporter place the notation "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover;

d.　For declarations, affidavits, written discovery responses, expert reports, court filings or pleadings, by placing the notation "CONFIDENTIAL—ATTORNEYS' EYES ONLY" on the face of such document.

3.　Unless otherwise agreed, the designation of any material as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be made at the following times:

a.　For documents, at the time of the production of

documents;

b. For declarations, affidavits, written discovery responses, expert reports, and pleadings, at the time of the service or filing, whichever occurs first;

c. For testimony, either (i) at the time that such testimony is given, or (ii) within thirty (30) days after the receipt by the Designating Party of the transcript of such testimony.

4. In the event a party challenges another party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. The designating party shall have the burden of proving that such particular Confidential Information is properly designated. Confidential Information that is subject to a dispute shall be treated as originally designated until the parties agree or the Court orders otherwise. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party

specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5.    Information or documents designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

a.    Outside counsel;

b.    Employees of such outside counsel assigned to and necessary to assist in the litigation;

c.    Consultants or experts (singularly "Expert" and collectively "Experts") to the extent deemed necessary by counsel and provided that the requirements of paragraph 2.B.8. have been complied with; and

d.    The Court or the jury at trial.

6.    Notwithstanding anything to the contrary in Paragraph 2.B.5. above, particular information that has been designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided:

a.    To persons who are explicitly named on the document as the authors or recipients, or to witnesses at

depositions whom the disclosing party has a good faith belief may have been the author of, or received copies of, any particular document;

b.    To any other persons with the prior written consent of the Designating Party and provided the person signs an agreement to be bound by this Order in the form attached as Exhibit A; and

c.    To any other persons with the prior authorization of the Court.

7.    Prior to disclosing or providing copies of any "Attorney's Eyes Only" information to any Expert pursuant to Paragraph 2.B.5.c. above, the person or party making such disclosure shall first obtain the agreement of that Expert to be bound by the terms of this Order as set forth in the form Confidentiality Agreement attached hereto as Exhibit A. In addition, at least 7 calendar days prior to making a disclosure to such Expert, the person or party making such disclosure shall provide the following information and materials to the other parties to this litigation:

a.    The name and address of the Expert;

b.    A signed copy of the Expert's agreement to be bound by this Order;

c.    Whether the Expert is or has ever been employed by the party on whose behalf the disclosure is made, its subsidiaries or its affiliates; and

d.    A copy of the Expert's current resume showing his/her education and employment for the last four (4) years.

8.    Any party may object to a disclosure to an Expert within 7 calendar days after service of the materials and information specified in Paragraph 2.B.8. above, by stating specifically and in writing the reasons why the party reasonably believes such person should not receive "Attorney's Eyes Only" information. If no such objections are made, the parties shall be deemed to agree to the disclosure. In the event of such an objection, no disclosure of "Attorney's Eyes Only" information shall be made to the Expert for a period of ten (10) days following the date of the objection in order to permit the objecting party to move for an order that disclosure not be made or that the

disclosure be made only upon certain conditions. The moving party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date. If no such motion is served and filed within ten (10) days following the objection, "Attorney's Eyes Only" information may be disclosed to such Expert for the purposes of and upon the conditions stated in this Order. If such a motion is served and filed, there shall be no disclosure to such Expert until the Court has ruled upon the motion.

9.     Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a.     Inform the person of the confidential nature of the information or documents; and

b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

10.   At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than

thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

11.    Inadvertent failure to identify documents or things as "CONFIDENTIAL" or " CONFIDENTIAL—ATTORNEYS EYES ONLY" information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Designating Party to appropriately mark the information in accordance with this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or things not bearing an appropriate confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality. However, if Confidential Information has previously been disclosed to persons no longer qualified to receive such Confidential Information, the disclosing party shall take reasonable efforts to obtain all such previously disclosed information

and advise such persons of the claim of confidentiality.

12. Inadvertent production of documents or things subject to work-product immunity, the attorney-client privilege, or other applicable immunity or privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) business days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party. Such inadvertently produced documents and things shall be returned to the Producing Party upon request or certified as destroyed. The Receiving Party shall not thereafter use the inadvertently produced documents and things or any notes or other or summaries or materials referring to them for any purpose and shall not show the inadvertently produced documents and things to anyone following notification of the inadvertent production. If, after conferring, the parties are unable to reach a satisfactory agreement as to whether the materials in question are privileged, the Producing Party may file a motion regarding the matter, but must do so within ten (10) business days after conferring

with the Receiving Party.

13.  If any individual or entity subpoenas, orders production, or requests discovery of Confidential Information that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of same and shall not produce the Confidential Information until the Designating Party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps.

14.  The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

15.  <u>Survival of Terms</u>. Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be

binding on all persons subject to the terms of this Stipulation.

16. <u>Effect On Discovery</u>. This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

17. <u>Order Binding When Signed</u>. This Order shall be binding on the parties hereto when signed and filed by the court.

18. <u>Submitting to Jurisdiction of the Court</u>. Each person to whom disclosure of any designated information is made shall be subject to and hereby submits to the jurisdiction of the United States Court for the Western District of North Carolina, which shall have jurisdiction over the person for the purpose of contempt proceedings in the event of any violation of this Order.

19. <u>Violation of Order</u>. In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto that the aggrieved party possesses an

adequate remedy of law. The parties and any other person subject to the terms of this Order agree that the Court has jurisdiction over such person or party, for the purpose of enforcing this Order.

SO ORDERED

Signed: June 11, 2008

Dennis L. Howell
United States Magistrate Judge

## CONFIDENTIALITY AGREEMENT

I have been informed by counsel that certain documents, things or information to be disclosed to me in connection with the matter entitled RING INDUSTRIAL GROUP, LP v. E Z SET TANK COMPANY, INC.d/b/a E-Z SET COMPANY; INTERNATIONAL CUSHIONING CORP.; INTERNATIONAL CUSHIONING COMPANY LLC; and ICC TECHNOLOGIES INC. n/k/a ICC TECHNOLOGIES LLC; Civil Action No.: 5:07-CV-103 have been designated as "CONFIDENTIAL- ATTORNEY'S EYES ONLY".

I have been informed that any such document, thing or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person except as permitted by Order of the Court, and I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

_____
Signed in the presence of:

_____
(Attorney)

#343621