# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv103

| | |
|---|---|
| RING INDUSTRIAL GROUP, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | ORDER |
| E Z SET TANK COMPANY, INC., d/b/a ) | |
| E-Z SET COMPANY; ) | |
| INTERNATIONAL CUSHIONING ) | |
| CORP.; INTERNATIONAL ) | |
| CUSHIONING COMPANY LLC; and ) | |
| ICC TECHNOLOGIES INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Compel Return of Inadvertently Produced Privileged Document. The court has considered plaintiff's motion, defendants' response, and plaintiff's reply. Disposition of such motion is governed by Rule 26(b)(5)(B), Federal Rules of Civil Procedure, which provides:

> (**B**) **Information Produced.** If information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed.R.Civ.P. 26(b)(5)(B).

The court has considered description of document R34354-34361 as well as the

statements concerning the origin of its creation as well as the causation of its inadvertent production during the discovery process. Despite the objections raised by defendants, the court finds that such document is clearly entitled to the protections afforded by the attorney-client privilege and work product doctrine. Further, the court finds its production to have been inadvertent, and the court further finds that under the language of this court's Supplemental Protective Order, no waiver of privilege can be occasioned by inadvertent production. The court concurs in the arguments made in plaintiff's briefs in support and reply as to the issues of privilege, inadvertence, and return, and incorporates such by reference. Clearly, plaintiff has carried its burden of demonstrating through knowledgeable persons that the document is privileged. United States v. Gordon, 2008 WL 1766753 (E.D.N.C. 2008).[1] The court does not agree, however, that defendants' resistance to voluntarily returning the document was substantially unjustified inasmuch as the arguments made in response appear to have been based on a good faith interpretation of law or for the extension or interpretation of existing law, which would make an award of costs and fees unjust, especially where the original error was that of plaintiff through inadvertence. Fed.R.Civ.P. 37(a)(5)(A).

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel Return of Inadvertently Produced Privileged Document (#95) is **GRANTED,** and defendants shall destroy any and all copies of document R3454-34361, any and all notes, memoranda, reproductions, and the like, that concern or reflect the contents of such document, all by August 21, 2008, and file on or before such date a certificate of destruction with the Clerk of this court. Plaintiff shall preserve a copy of such document for purposes of further review, if any.

Signed: August 11, 2008

Dennis L. Howell
United States Magistrate Judge