# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv103

| | |
|---|---|
| RING INDUSTRIAL GROUP, LP, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>E Z SET TANK COMPANY, INC., d/b/a )<br>E-Z SET COMPANY; )<br>INTERNATIONAL CUSHIONING )<br>CORP.; INTERNATIONAL )<br>CUSHIONING COMPANY LLC; and )<br>ICC TECHNOLOGIES INC., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on plaintiff's Motion for Fees Related to Motions to Compel (#89). Having considered the motion, defendants' response, and plaintiff's reply, the court enters the following findings and Order pursuant to Federal Rules of Civil Procedure 37(a)(5)(A).

On June 11, 2008, this court granted Plaintiff's Motion to Compel Discovery (#33), Plaintiff's Motion for Extension of Deadlines and for a Pretrial Conference (#56), and Plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (#59). See Order, at # 80. In that Order, the court provided that should plaintiff wish to be heard on the issue of payment of expenses associated with the filing of its two Motions to Compel, Ring should make such an application by July 1, 2008.

It is undisputed that defendants only agreed to fully produce all responsive

documents to plaintiff's First Set of Document Requests and full responses to Ring's First Set of Interrogatories after a hearing was calendared on plaintiff's Motion to Compel. At the hearing, defendant was ordered to make that production by May 16, 2008. This court determined that the responses received as of the hearing

> were, in the opinion of this court, effectively no responses at all. The objections raised were in large part baseless and the answers given were evasive and incomplete.

Order, at 7. The court went on to hold that defendants' objections to the interrogatories seeking "a narrative description of why [the Defendants] contend each such claim limitation is not present, practiced, induced, or contributed to" by the Defendants' products, methods, or actions "has no basis in law." Id., at 14. Finally, the court determined that the answers that were provided were non-responsive. Id.

As provided in Rule 37(a)(5)(A), plaintiff is entitled to recover its "reasonable expenses, including attorneys' fees" associated with the successful motions to compel. That rule provides as follows:

> **(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).** If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

The court has afforded the parties an opportunity to be heard on the motion, which has been declined. Further, the court has closely considered the three exceptions to the award of fees and costs and finds none applicable.

The court will, therefore, award "those fees and expenses flowing from the abuse of the discovery process . . . ." Smith v. U.S. Sprint, 1991 WL 62338, *5 (4th Cir. 1994) (citing Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir. 1975)). In doing so, the court will, as it has in the past,

> assess whether the amount requested by the moving party is reasonable. 'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'

Hospira, Inc. v. Alpha and Omega Transp. Servs., Inc., 2007 WL 1893212 (W.D.N.C. 2007) (citation omitted). The court will consider "the lodestar figure." Cram v. Department of Health & Human Services, 864 F.2d 324, 327 (4th Cir. 1989).[1]

In the Declaration of Steven D. Moore, plaintiff presents a summary of the fees incurred as a result of having to bring its Motion to Compel Discovery. With respect to Ring's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (#59), the court held that defendants' answers were incomplete and conclusory and failed to respond to the posed interrogatories and entered an Order compelling supplemental answers. Order, at 14. Thus, plaintiff is

---

[1] While the court instructed the plaintiff to follow Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as modified by Hensley v. Eckerhart, 461 U.S. 424 (1983), the court agrees that most of those factors are not relevant to Rule 37, but more applicable to an award of attorneys fees at the conclusion of litigation where attorney fees are allowed by statute.

entitled to its costs and fees inasmuch as none of the Rule 37 exceptions to such an award have any application. The Declaration of Mr. Moore indicates that plaintiff incurred a total of $24,416.60 in fees in the preparation of these Motions to Compel and conducting the hearing. Clearly, the hourly rate charged by counsel are reasonable for the practice of patent litigation. The nationwide average per hour for intellectual property work done by a firm of the size of Ring's counsel is $359.00. AIPLA Economic Survey; p. F-23; Exh. E. Within the metropolitan regions of the Southeast United States, the third quartile for average billing rates in intellectual property work is $320.00. The average billing rate for the preparation of plaintiff's Motion to Compel and Motion to Compel Supplementation of Invalidity Contentions and Interrogatory Responses was $304.07, which is reasonable given the national and regional averages for intellectual property work.

Further, the court finds that fees generated in preparation of the petition for fees are fair game for recovery under Rule 37. See Booker v. Stauffer Seed, Inc., 817 F.2d 47, 50 (8th Cir. 1987). In this case, plaintiff has shown that it has incurred at least $2,691.00 in additional fees for preparation of the fee petition. The hourly rate is likewise appropriate under the lodestar figure.

The court will, therefore, award plaintiff the amount of $27,107.60, payable by defendants not later than August 21, 2008.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Fees Related to Motions to Compel (#89) is **GRANTED,** and plaintiff is awarded the amount of $27,107.60, payable by defendants not later than August 21, 2008.

Signed: August 11, 2008

Dennis L. Howell
United States Magistrate Judge