IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| RING INDUSTRIAL GROUP, LP ) | |
|     Plaintiff, ) | Civil Action No.: 5:07-CV-103 |
| ) | |
| v. ) | |
| ) | |
| E Z SET TANK COMPANY, INC. ) | |
| d/b/a E-Z SET COMPANY; ) | |
| INTERNATIONAL CUSHIONING ) | |
| CORP.; INTERNATIONAL ) | |
| CUSHIONING COMPANY LLC; ) | |
| and ) | |
| ICC TECHNOLOGIES INC.; ) | |
|     Defendants. ) | |
| _____ ) | |

## **CONSENT JUDGMENT**

This action has come before the Court, upon the pleadings and proceedings of record, and it has been represented to the Court that Plaintiff Ring Industrial Group, L.P. and Defendants E Z Set Tank Co. ("E Z Set"), International Cushioning Co. LLC ("ICC"), and ICC Technologies Inc. ("ICC Tech.") (collectively the "Parties") have agreed to a compromise and settlement of this Civil Action and all claims, defenses and counterclaims that were or could have been brought in this Civil Action.

1

**WHEREFORE**, with the consent of the Parties, through their undersigned attorneys, it is hereby **ORDERED, ADJUDGED** and **DECREED** that:

1. The Court has jurisdiction over the Parties and the subject matter of this action.

2. Plaintiff Ring Industrial Group owns U.S. Patent Nos. 5,051,028; 6,497,031; and 6,173,483 (collectively "Patents in Suit") dealing with methods of making and installing drainage line units, and with apparatuses for making drainage line units.

3. Plaintiff Ring also owns U.S. Copyright Nos. TX-6-523-660 and TX-6-548-718 directed to installation manuals regarding drainage line units.

4. Defendants agree that the Patents in Suit are both valid and enforceable. Defendants further agree that the aforementioned copyrights are both valid and enforceable. Defendants further agree that this Order represents a final adjudication of all claims, counterclaims and defenses which were or could have been made in this action and will bar Defendants from litigating the defenses of unenforceability and invalidity of the Patents in Suit and copyrights,

even as to different products charged with infringement of the Patents in Suit in any future proceedings. Further, Defendants agree to and hereby waive and relinquish the right to ever contest the validity and/or enforceability of the Patents in Suit or any of the claims thereof and the copyrights, whether such assertion of invalidity and/or unenforceability would be made in a court proceeding or Patent Office proceeding, and whether or not such assertion is in relationship to the infringing products in this action or in connection with any other products made, used and/or sold by Defendants. It is the intent of this provision that to the fullest and broadest extent permitted by law, Defendants are precluded from challenging the validity and/or enforceability of the Patents in Suit or any of the claims thereof or the copyrights, and that such preclusion is acknowledged and intended to be broader than the prohibition on such challenges arising from the doctrine of res judicata and/or collateral estoppel.

5. Defendants agree that neither they nor any of their affiliates, subsidiaries, distributors, officers, directors, agents, or successors and assigns shall, for the life of the '031 and '483 Patents, practice any method or use any apparatus that falls within the scope of

any claim of the '031 or '483 Patents to the extent that products made by such methods and/or apparatuses are drainage line units having a seamless barrier.

6. Defendants agree that neither they nor any of their affiliates, subsidiaries, distributors, officers, directors, agents, or successors and assigns shall, for the life of the aforementioned copyrights, use without permission the works protected by those copyrights.

7. This action, and all claims and counterclaims that were or could have been made by the Parties in this action are hereby dismissed with prejudice.

8. Each party shall bear its own costs and attorneys' fees in this action.

9. This Court retains jurisdiction over the Parties for the purpose of enforcing the Agreement between the parties relating to this Civil Action or for any action relating to the enforcement of this Order.

SO ORDERED:

Signed: October 2, 2008

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge

Agreed to, this 30th day of September 2008.

/s/ Steven D. Moore
Steven D. Moore
N.C. State Bar No. 23367
Email: smoore@kilpatrickstockton.com
Tonya R Deem
N.C. State Bar No. 23075
Email: tdeem@kilpatrickstockton.com
Jason Link
N.C. State Bar No. 25689
Email: jlink@kilpatrickstockton.com

KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: 336.607.7300
Fax: 336.607.7500

D. Clay Holloway (*pro hac vice*)
GA State Bar No. 363296
Email: cholloway@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-815-6500
Fax: 404-815-6555

*Attorneys for Plaintiff*


/s/Francis C. Hand
_____
Francis C. Hand

CARELLA,BYRNE,BAIN, GILFILLAN,
　CECCHI,STEWART& OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone:　(973) 994-1700
Fax:　(973) 994-1744
Email: fhand@carellabyrne.com

Jeffrey T. Workman
Tate, Gaylord Lucas, Purdom &
　Workman,L.L.P.
Suite 101, Friendly Holden Building
3608 W. Friendly Ave.
Greensboro, NC 27410
Telephone: 336-218-0602
Fax: 336-218- 0025
Email: jtworkman@bellsouth.net

*Attorneys for Defendants*